IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTRELL TEEN,              )
                           )
        Plaintiff,         )
                           )
vs.                        )     Case No. 18−cv−0993−JPG
                           )
COOK,                      )
KENNY, and                 )
ST. CLAIR COUNTY           )
                           )
        Defendants.        )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Antrell Teen, an inmate in St. Clair County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>     (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>     (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the Amended Complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

## **The Amended Complaint**

Plaintiff originally brought this action as part of his claims in Case 18-cv-568-JPG-RJD ("18-568"). On April 19, 2018, the Court found that not all of the claims in that action were sufficiently related pursuant to Fed. R. Civ. P. 18 and 20 so as to proceed in a single action, and severed claims accordingly. (Doc. 1). The severance order also noted that Plaintiff had alleged that he was subjected to a campaign of harassment, but that Plaintiff had failed to include factual allegations to support his claim that the various defendants acted in concert to violate his rights (Doc. 1, p. 10).

The Court reviewed the Complaint on July 12, 2018 and found that Plaintiff's allegations failed to state a claim. (Doc. 6). Plaintiff was granted leave to file an amended complaint, which he did on July 27, 2018. (Doc. 7).

The Amended Complaint once against alleges that Plaintiff was subjected to a campaign of harassment from multiple correctional officers and supervisors for complaining and filing

lawsuits. (Doc. 7, p. 5). Plaintiff alleges that during and prior to the time he was housed on AB block, he filed "multiple complaints about various issues including denial to the law library." *Id*.

On the day Plaintiff's cell block was scheduled to go to the law library, Plaintiff informed Cook that he would like to go. *Id*. Cook told Plaintiff the law library, a kiosk, was down. *Id*. Plaintiff told Cook he thought that was just an excuse and that he would like to try a "hard reset" of the kiosk. *Id*. Cook denied Plaintiff access. *Id*. Plaintiff saw another inmate using the kiosk the following day. *Id*. Plaintiff had to wait weeks to return to the law library. *Id*.

Plaintiff alleges that he filed a captain's complaint and received no response. *Id*.

Kenny responded to (presumably another) captain's complaint, which Plaintiff alleges demonstrates Kenny's "lack of education" on inmate's rights, and his failure to properly train his subordinates. *Id*. He further alleges that St. Clair County has a policy and custom of failing to train supervisors and correctional officers. *Id*. As proof, Plaintiff cites to his other lawsuits. (Doc. 7, p. 6). He also alleges that Sgt. Nichols, who is not a defendant in this action, responded to Dustin Mendendorff's query about law library access by telling Mendendorff that inmates do not have a constitutional right to the law library. *Id*. Kenny told Plaintiff that inmates are allowed to go the law library if the supervisor approves. *Id*.

## Discussion

The Court previously designated a single claim to proceed in this action:

**Count 5** – First Amendment retaliation claim against Cook, for denying Plaintiff access to the law library, after Plaintiff attempted to file case(s) in court while Plaintiff was housed on AB-Block.

To succeed on a First Amendment Retaliation claim, a plaintiff must prove 1) that he engaged in conduct protected by the First Amendment; 2) that he suffered a deprivation that would likely deter First Amendment activity in the future; and 3) that the protected conduct was

a "motivating factor" for taking the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Plaintiff has once again failed to state a retaliation claim against Cook. Although he has alleged that Cook's actions are part of a campaign of harassment against him on the part of the staff of St. Clair County Jail, his allegations still do not provide any facts from which such conduct could be inferred. Accordingly, the relevant analysis is not whether Cook engaged in a campaign of harassment, but whether Cook himself undertook to retaliate against Plaintiff on the day in question. Plaintiff has not made a plausible allegation that Cook's conduct amounts to retaliation. Although Plaintiff has alleged that he engaged in voluminous First Amendment activity, Plaintiff has not alleged that Cook specifically knew of his prior complaints and lawsuits. Thus, Plaintiff has not adequately pleaded that his protected conduct was the motivating factor for Cook's behavior.

Moreover, it is not clear that Plaintiff actually suffered a deprivation that would deter First Amendment conduct in the future. Plaintiff has alleged that his access to the law library was delayed for several weeks, but he has not actually stated that he was denied access to courts. While actions that actually harm prisoners or put them at risk of physical harm can be the basis of retaliation claim, the Seventh Circuit has suggested that actions with no long term consequences cannot. *See Bridges*, 557 F.3d at 555 ("A single retaliatory disciplinary charge that is later dismissed is insufficient to serve as the basis of a § 1983 action."). Plaintiff's allegations that his law library access was delayed is similar to the allegation against the defendants in *Bridges* that the Seventh Circuit found wanting.

Finally, Plaintiff's claim rests largely on his own speculation. Plaintiff has not pleaded that the kiosk was actually working on Sunday, and the fact that it was working the next day

4

does not compel the conclusion that Cook lied when he said the kiosk was down the day before. As Plaintiff has already amended his complaint once without stating a proper claim against Cook, the Court presumes that he cannot, and accordingly, will dismiss this claim with prejudice.

As to Plaintiff's claims against Kenny and St. Clair County, they are clearly mis-joined to this action. This case is limited to an allegation that Cook retaliated against Plaintiff by denying him law library access on one Sunday. There are no grounds to consider Kenny's alleged actions as part of the same transaction or occurrence as Cook's actions. Fed. R. Civ. P.20; *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff has not alleged that Kenny responded to the captain's complaint he filed as a result of this incident. In fact, he has affirmatively stated that no one responded. He has not alleged that Kenny was present at the jail on the day in question. There are no grounds to find that Kenny was personally involved in the incident. Personal involvement is the touchstone of § 1983 liability; there is no supervisory liability. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)) ("The doctrine of *respondeat superior* does not apply to § 1983 actions; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'").

As to Plaintiff's claim that Kenny failed to train his staff, there is no plausible allegation that Kenny trained Cook, or was responsible for training Cook. Moreover, it does not follow from Plaintiff's allegations that Cook was relying on training when he told Plaintiff that the kiosk wasn't working. Plaintiff's other allegations appear to suggest that jail employees are improperly trained when they are told that they have the authority to approve or disapprove

inmates' law library requests.[1]  But Cook's denial of law library access was not premised on his authority as a supervisor; Plaintiff was told the kiosk was broken.  Plaintiff's claims that staff is improperly being trained on when to grant law library access is not sufficiently related to his retaliation claim for it to proceed in this action.  The Court may sever unrelated claims into separate actions or dismiss them.  The Court finds it appropriate to dismiss Plaintiff's claim against Kenny as mis-joined.  Plaintiff may file a new suit raising that claim if he so desires.

Moreover, Plaintiff's claim against St. Clair County is not transactionally related to his claim against Cook.  Plaintiff alleges that St. Clair County has a policy or custom of failing to train its employees.  *See Monell v. Department of Social Services of New York*, 436 U.S. 658 (1978).  As an initial matter, a single incident of allegedly unconstitutional conduct cannot support *Monell* liability against a municipality.  *City of Oklahoma v. Tuttle*, 471 U.S. 808, 833 (1985).  To get around this, Plaintiff points to all of his other lawsuits against St. Clair County Jail employees.  But if Plaintiff has alleged multiple events that constitute a pattern or practice in other lawsuits, the place to raise his *Monell* claim would be in those suits.  This suit only involves Cook's actions on a single day.  It cannot support *Monell* liability, and the Court previously considered and rejected Plaintiff's claim that Cook's action was part of a campaign of harassment.  Plaintiff's claim that St. Clair County fails to train its employees is not adequately supported by the allegations in this suit, and as Plaintiff has pointed to his other suits in support of his claim, the Court finds that Plaintiff's *Monell* claim is not transactionally related to the claims at issue here.  Accordingly, this claim is dismissed without prejudice, although Plaintiff may bring it in another suit, as appropriate.

---

[1] Contrary to the repeated insinuation throughout the Amended Complaint that jail officials may never deny an inmate access to the law library, there is no right to browse the law library or to enjoy "unfettered" access.  *Smith v. Shawnee Library System*, 60 F.3d 317, 323 (7th Cir. 1995).

Once the mis-joined claims have been dismissed, the only remaining claim is the original retaliation claim. As the Court found that these allegations fail to state a claim upon which relief can be granted, this suit will be dismissed with prejudice

**Disposition**

**IT IS HEREBY ORDERED** that the case is **DISMISSED with prejudice** for failure to state a claim. This dismissal shall be without prejudice as to the claims mis-joined in this action pursuant to Fed. R. Civ. P. 20. Plaintiff shall be assessed a strike pursuant to § 1915(g) for filing an action that fails to state a claim. This is Plaintiff's fourth strike, and he is now "struck out" pursuant to § 1915(g); he can only proceed IFP in situations where he is in imminent danger of serious harm.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, because Plaintiff has "struck out" and has not shown that he is in imminent danger of serious physical injury, this Court will not grant him permission to proceed *in forma pauperis* on appeal. Finally, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is directed to close this case and enter judgment.

**IT IS SO ORDERED.**

**DATED: October 26, 2018**

s/J. Phil Gilbert
**U.S. District Judge**
